UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| WISH LLC,<br>307 Massachusetts Avenue NE,<br>Washington, D.C. 20002<br><br>    *Plaintiff*,<br><br>    v.<br><br>THE WASHINGTON INTERN<br>HOUSING NETWORK, LLC<br>210 I Street, N.E.<br>Washington D.C. 20002<br><br>    *Defendant*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

The Plaintiff, WISH LLC, by its undersigned attorneys, for its Complaint and Jury Demand against Defendant, The Washington Intern Housing Network, alleges as follows:

<u>THE PARTIES</u>

1. Plaintiff, WISH LLC, is a District of Columbia limited liability company doing business at 307 Massachusetts Avenue NE, Washington, D.C. 20002 ("WISH").

2. Defendant, The Washington Intern Housing Network, was organized as a limited liability company under the laws of the District of Columbia in or about March 5, 2010, which status has since been revoked; its last known address is 210 I Street, N.E., Washington D.C. 20002 ("WIHN").

## JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

4.  This Court has supplemental jurisdiction over all state law claims under 28 U.S.C. § 1367(a).

5.  This Court has personal jurisdiction over Defendant since Defendant is located in Washington D.C., and it offers and renders services in the District.  Among other activities in the District, Defendant advertises and provides housing rentals to the student market in the District.

6.  Venue is proper in this District under 28 US.C. § 1391(b) because Defendant resides in the District. Additionally, a substantial part of the events giving rise to this claim arose in the District of Columbia.

## STATEMENT OF FACTS

7.  Since in or about 2000, Plaintiff, through its predecessor, has been providing quality student intern housing, in an environment that is secure and supervised, and it also has been providing enhanced student intern experiences for its residents in Washington, D.C. Plaintiff leases and manages all of the buildings it uses for student intern housing, and many are located in some of the District of Columbia's most historic neighborhoods, including Capitol Hill and Woodley Park.  The housing that Plaintiff provides is fully-furnished, interns-only, strategically located in and around the District.  It is secure and monitored to ensure the best environment for student interns to take advantage of the opportunities that Washington, D.C. offers them to further their educations and network for future employment.  Plaintiff's residents must comply with an overlay of rules that are not typical in a standard residential lease.

8. As part of its enhanced intern housing services, Plaintiff WISH has also been providing to its residents a range of educational, political, cultural and historic information about topics of interest to student interns in Washington D.C. Such topics include professional development, networking, sightseeing and recreation, internship and job opportunities, safety, transportation student internship placement and oversight services in Washington, D.C. at government agencies, Congressional offices, advocacy groups, think tanks, multinational corporations, embassies, trade associations, and the courts. Plaintiff also provides student interns residing in its accommodations with speakers, receptions, networking events, and informal mentorship sessions by alumni.

9. The above described value-added features of Plaintiff WISH's services are important factors for student interns and their families in opting to do business with Plaintiff, and it is through these value-added features that Plaintiff distinguishes itself from competitors in the Washington, D.C. student rental market.

10. As a result of its more than ten years of providing enhanced student intern housing experiences to student interns in the District of Columbia, Plaintiff WISH has become well known for such services in Washington, D.C. and nationwide. Plaintiff is sought after by student interns looking to temporarily re-locate to Washington D.C. to begin their internships.

11. Plaintiff WISH also liaises with universities across the nation, in the Washington Metropolitan Area, and around the world, to provide short-term temporary housing for students and faculty as needed on a semester basis.

12. As a result of its more than ten years of use of its trade name and service mark "WISH" in connection with its enhanced student intern housing services, Plaintiff's trade name

and service mark has come to represent and symbolize Plaintiff as the source of origin of WISH enhanced student intern housing services.

13.  Plaintiff advertises its services and provides its various information services primarily on the Internet via several of its websites, *e.g.*, www.internsdc.com, www.internshipsdc.com, www.thecongressional.com, and www.wishwoodleypark.com, which are linked to each other.

14.  On March 26, 2010, Defendant filed (and it subsequently abandoned) a Federal trademark application to register the mark THE WASHINGTON INTERN HOUSING NETWORK for providing temporary housing accommodations.  A copy of that application is attached hereto as Exhibit A, and it is incorporated by reference as if set forth here in full.  In that application, Defendant alleged that it had used its mark in commerce since January 1, 2009.  Based on the statements made in that application, Plaintiff WISH alleges that Defendant commenced doing business as WIHN in or about January 2009.

15.  Upon information and belief, Defendant did not use the term "WISH" in advertising prior to January 1, 2009, and thus there is no issue as to priority as compared to Plaintiff.

16.  Upon information and belief, Defendant only offers apartment rental services to the student intern market, and it does not offer the value added services provided by Plaintiff, which are described *supra*.

17.  Upon information and belief, student interns looking for housing in the Washington D.C. area typically do their research online utilizing various search engines, including Google.

18. Many companies advertise on the internet through key word advertising. Google AdWords allows third party advertisers to purchase keywords that are trademarks of others, which when entered in a search query by a prospective customer direct the user to ads placed by the third party for similar or related goods and/or services.

19. Upon information and belief, Defendant has purchased Google AdWords comprising Plaintiff's service mark and trade name, "WISH", as a mechanism to divert student interns looking for housing in the District of Columbia to their own competing rental housing services.

20. Upon information and belief, Defendant has used, and until October 18, 2013 was using, a dynamic headline, or dynamic search ad, featuring Plaintiff's WISH service mark and trade name. Dynamic headlines allow the advertiser to match the words used in a search query to words appearing in its ad headline. For example, a search including the term "WISH" and "student intern housing" recently produced as a result the following advertisement placed by Defendant:

> Ad related to **wish housing in dc**
> **Wish Housing - TheWIHN.com**
> www.thewihn.com/
> Fully Furnished DC Housing in Great Locations. Apply Online for Free!
> 210 I ST NE, Washington, DC, DC- (202) 579-9446
> Rates and Dates        Apply Now
> Featured Property     Testimonials

Defendant's use of a dynamic headline in its ads that features the term "WISH" misappropriated Plaintiff's "WISH" service mark and trade name in a manner that was intended to and likely did cause confusion among prospective customers, falsely designating Defendant's rental services as emanating from Plaintiff, or as being related to or associated with Plaintiff's superior WISH enhanced student intern housing services. Illustrative search queries and results dating from

October 17, 2013, are attached hereto as Exhibit B, and they are incorporated by reference as if set forth here in full.

21.     Defendant's unauthorized use and misappropriation of Plaintiff's service mark and trade name in its Google AdWord advertising has caused, and it likely would cause, actual confusion as to the source, sponsorship, approval and/or association of Defendant's rental services, falsely leading prospective customers to believe the Defendant's and Plaintiff's services are one and the same.

22.     Defendant's unauthorized use and misappropriation of Plaintiff's service mark and trade name in its Google AdWord dynamic ad word advertising has caused, and it likely would cause, confusion, mistake or deception as to the source, sponsorship, approval or association of Defendant's rental services, falsely leading prospective customers to believe the Defendant and Plaintiff are somehow affiliated or associated.

23.     Defendant's unauthorized use and misappropriation of Plaintiff's service mark and trade name in its Google AdWord advertising has caused, and likely would cause, confusion as to the source of origin of the services rendered by Plaintiff and Defendant, and it is likely to confuse prospective customers, potentially leading to the tarnishment of the good will associated with Plaintiff's "WISH" trade name and service mark should Defendant's lesser level of service be confused with Plaintiff's enhanced student intern housing services, resulting in loss of business by Plaintiff.

24.     Upon information and belief, in or about 2009, Defendant engaged in systematic copying of the content of Plaintiff's website to Defendant's own website, located at www.thewihn.com.  Plaintiff demanded the infringement of the copyright of its website be

terminated, and on or about April 2010, Defendant modified its website in response to a cease and desist letter sent by Plaintiff's then counsel.

25.     Upon information and belief, in order to create confusion among prospective customers as to a possible connection or affiliation among, or endorsement by, the Parties, Defendant has engaged in a pattern of monitoring and mirroring the look and feel of Plaintiff's website, promotional materials, and business development efforts, and it continues to do so. Illustratively, Defendant adopted a set of house rules that are virtually verbatim the same as Plaintiff's house rules, and Defendant now mirrors the length of Plaintiff's semester sessions, its rates, the form of its housing applications, and its payment and cancellation policies.  Defendant also mimics Plaintiff's well-established practice of providing welcome receptions and classroom use by its customers.  Additionally, in or about 2010, Defendant copied the following photograph formerly featured on Plaintiff's website:

 which Plaintiff had licensed from a third party vendor and customized to include its banner and logo. Defendant deleted Plaintiff's banner and logo from the photo, but continues to use the photo on its own Facebook page, as follows:

7



In fact the specimen of use Defendant submitted to the USPTO in support of its now abandoned trademark application included this same photograph.

26.     In order to secure termination of yet another instance of infringement of its intellectual property by Defendant, this time via the infringing dynamic GoogleAd being used by Defendant, described above, Plaintiff filed a complaint with Google via its online Trademark Complaint form on or about October 2, 2013.

27.     On October 18, 2013, Google processed Plaintiff's complaint and removed the infringing use of "WISH" from Defendant's dynamic GoogleAds.

28.     Plaintiff has no assurances that Defendant will not simply change search engines and secure other infringing advertising at any moment.

8

## COUNT ONE
## UNFAIR COMPETITION/FALSE DESIGNATION OF ORIGIN
## UNDER SECTION 43(a) OF THE LANHAM ACT; 15 U.S.C. § 1125(a)

29. Plaintiff realleges and incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 28.

30. Defendant's use of Plaintiff's "WISH" service mark and trade name was, and if it resumes it would continue to be, false, misleading and deceptive, and constituting false designation of origin, and it has caused, and if it resumes it likely would cause, confusion or mistake as to the source of origin of housing rental services provided by Defendant, among student interns looking for housing in Washington, D.C.

31. Plaintiff has no control over the nature and quality of the Defendant's services. Customers believing that Plaintiff is the source of Defendant's services are likely to blame Plaintiff for any failure, neglect or default of Defendant in providing quality services, tarnishing Plaintiff's goodwill and reputation, resulting in loss of business by Plaintiff, and resulting in irreparable harm to both Plaintiff and the public.

32. As a result of Defendant's false and deceptive use of Plaintiff's "WISH" trade name and service mark, Plaintiff has suffered and continues to suffer damage and irreparable harm.

33. Upon information and belief, Defendant has been unjustly enriched, has acquired unlawful gains and profits from its acts of false designation of origin, infringement and unfair competition as alleged above, and has caused loss, injury and damage to Plaintiff, its goodwill and the "WISH" trade name and service mark, in an amount to be determined at trial.

## COUNT TWO
## DISTRICT OF COLUMBIA STATUTORY UNFAIR COMPETITION
## UNDER 28 D.C. CODE § 28-3904(a). (b) and (s)

34. Plaintiff realleges and incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 33.

35. Defendant's unauthorized use of the Plaintiff's "WISH" trade name and service mark constitutes unfair competition in violation of the District of Columbia consumer Protection Procedures Act, 28 D.C. Code § 3904(a), (b) and (s), as such acts are likely to have mislead and deceived customers and prospective customers into believing that the Defendant's services are those of Plaintiff.

36. Defendant's actions are likely to have caused confusion or mistake among the public and created material misrepresentations as to the true origin and sponsorship of Defendant's services and to confuse and mislead the public into believing that the services of Defendant have Plaintiff's approval.

37. Plaintiff has no control over the nature and quality of the Defendant's services. Customers believing that Plaintiff is the source of such services are likely to blame Plaintiff for any failure, neglect or default of Defendant in providing quality services, tarnishing Plaintiff's goodwill and reputation, resulting in loss of business by Plaintiff, and resulting in irreparable to both Plaintiff and the public.

38. As a result of Defendant's false and deceptive use of Plaintiff's "WISH" trade name and service mark, Plaintiff has suffered and continues to suffer damage and irreparable harm.

39. Upon information and belief, Defendant has been unjustly enriched, has acquired unlawful gains and profits from its acts of false designation of origin, infringement and unfair

competition as alleged above, and has caused loss, injury and damage to Plaintiff, its goodwill and the "WISH" trade name and service mark, in an amount to be determined at trial.

## COUNT THREE
## COMMON LAW TRADEMARK INFRINGEMENT

40. Plaintiff realleges and incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 39.

41. Plaintiff's service mark "WISH" is inherently distinctive and entitled to protection at common law.

42. Plaintiff's service mark "WISH" has through its long term use in connection with Plaintiff's enhanced student intern housing services acquired secondary meaning indicating the source of origin of WISH student intern housing services is Plaintiff and no other entity.

43. Plaintiff has used its service mark "WISH" in the District of Columbia for more than ten years, acquiring strong common law rights in its mark.

44. Defendant's misappropriation of Plaintiff's service mark "WISH" in order to pass off its own services as those of Plaintiff, has caused actual confusion to prospective customers to divert them to its own rental services and it is likely to confuse such customers if such acts continue.

45. Plaintiff has no control over the nature and quality of the Defendant's services. Customers believing that Plaintiff WISH is the source of such services are likely to blame Plaintiff for any failure, neglect or default of Defendant in providing quality services, tarnishing Plaintiff's goodwill and reputation, resulting in loss of business by Plaintiff, and resulting in irreparable harm to both Plaintiff and the public.

46. Unless the Court enjoins the Defendant from continuing such deceptive acts, Plaintiff will continue to suffer irreparable harm.

47. Upon information and belief, Defendant has been unjustly enriched, has acquired unlawful gains and profits from its acts of false designation of origin, infringement and unfair competition as alleged above, and has caused loss, injury and damage to Plaintiff, its goodwill and the "WISH" trade name and service mark, in an amount to be determined at trial.

## COUNT FOUR
## COMMON LAW UNFAIR COMPETITION

48. Plaintiff realleges and incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 47.

49. Plaintiff has continuously and extensively used its "WISH" trade name and service mark in advertising and promotional materials throughout the United States in connection with its enhanced student intern housing services provided in the District of Columbia.

50. Plaintiff's trade name and service mark is recognized by relevant consumers throughout the United States and the District of Columbia as designating Plaintiff as the source of WISH student intern housing services.

51. Defendant's unauthorized and deceptive use of the "WISH" trade name and service mark in online advertising created, and if resumed it would create, a likelihood of confusion among relevant consumers.

52. Defendant intended to deceive the public as to its affiliation with Plaintiff.

53. Plaintiff has no control over the nature and quality of the Defendant's services. Customers believing that Plaintiff is the source of such services are likely to blame Plaintiff for any failure, neglect or default of Defendant in providing quality services, tarnishing Plaintiff's goodwill and reputation, resulting in loss of business by Plaintiff, and resulting in irreparable harm to both Plaintiff and the public.

54. Unless the Court enjoins the Defendant from continuing such deceptive acts, the Plaintiff will suffer irreparable harm.

55. On information and belief, Defendant has been unjustly enriched, has acquired unlawful gains and profits from its acts of false designation of origin, infringement and unfair competition as alleged above, and has caused loss, injury and damage to Plaintiff, its goodwill and the "WISH" trade name and service mark, in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

1. Declare that Defendant's unauthorized use of Plaintiff's trade name and service mark "WISH" constituted, and if resumed it would constitute, false designation of origin and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

2. Declare that Defendant's unauthorized use of Plaintiff's rights in and to its trade name and service mark "WISH" infringed, and if resumed it would infringe, Plaintiff's trademark rights at common law;

3. Declare that Defendant's misappropriation of Plaintiff's trade name and service mark "WISH" and passing off of its services as those of Plaintiff constituted, and if resumed they would constitute, unfair competition at common law;

4. Declare that Defendant's unauthorized use of the Plaintiff's "WISH" trade name and service mark constituted, and if resumed it would constitute, unfair competition in violation of the District of Columbia consumer Protection Procedures Act, 28 D.C. Code § 3904(a), (b) and (s).

5. Declare that Defendant's false designation of origin and unfair competition was willful, and that the instant action qualifies as an exceptional case;

6.      Permanently enjoin Defendant, its officers, agents, employees and all other persons acting in concert or in privity with Defendant, from: (i) using the "WISH" trade name and service mark in any manner, including but not limited to use as a dynamic headline in Google AdWord advertising, or dynamic advertising with any other search engine, or otherwise in ad text, anywhere, including on the Internet or in printed materials or email messages; (ii) taking any action likely to create the false impression among prospective consumers that Defendant's services emanate from or are licensed, sponsored , authorized or approved by, or are in some other way associated with, Plaintiff or Plaintiff's services; and (iii) otherwise unfairly competing with the Plaintiff.

7.      Order that all promotional materials, advertisements, and other materials in the possession or control of Defendant, which unlawfully use Plaintiff's trade name and service mark "WISH" might, be delivered to Plaintiff for destruction;

8.      Award Plaintiff its actual damages and Defendant's profits derived from its unlawful acts, which monetary award should be trebled;

9.      Award Plaintiff interest, costs and its reasonable attorneys' fees; and

10.     Award Plaintiff such other and further relief as this Court deems proper.

## JURY DEMAND

Plaintiff hereby demands trial by jury for all issues so triable.

Respectfully submitted,

Dated: October 25, 2013

/s/*Alan M. Freeman*
Alan M. Freeman (DC Bar No. 454693)
BLANK ROME LLP
600 New Hampshire Ave., NW
Washington, D.C. 20037
Email: Freeman@BlankRome.com
Tel: 202-772 5925
Fax: 202-572-8370

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on October 25, 2013, copies of plaintiff's (1) Complaint, accompanying exhibits, and summons, (2) Certificate Required by Local Civil Rule 7.1, and (3) Report on the Filing or Determination of an Action Regarding a Patent or Trademark were served on the defendant, The Washington Intern Housing Network, LLC by first-class mail, postage prepaid, to:

    The Washington Intern
    Housing Network, LLC
    210 I Street, N.E.
    Washington D.C. 20002

    AND

    Superintendent of Corporations,
    Department of Consumer and Regulatory Affairs
    Business and Professional Licensing Administration
    Corporations Division
    PO Box 92300
    Washington, DC 20090

                                                          /s/*Alan M. Freeman*
                                                          Alan M. Freeman